

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable O. E. Gerron
County Attorney
Ector County
Odessa, Texas

Opinion No. O-2501
Re: Eligibility of certain bonds
of Ector County to partici-
pate in the County and Road
District Highway Fund provided
in House Bill No.688, Forty-
Sixth Legislature, Regular
Session, 1939.

Dear Sir:

We are in receipt of your request for our opinion
as to the eligibility of certain bonds issued by Ector County,
the proceeds of which allegedly have been expended upon roads
now constituting a part of the designated State Highway Sys-
tem, that is, whether the bonds are eligible to participate
in the funds coming into the Board of County and District
Road Indebtedness as provided in House Bill 688, Forty-sixth
Legislature, Regular Session, 1939.

The facts, briefly stated, are as follows:

On May 22, 1937, Ector County voted $135,000 of Road
Bonds, which bonds were sold August 1, 1937, and the proceeds
thereof expended in the purchase of a right-of-way, 120 feet
in width, the fencing of same, and on November 13, 1937, a con-
tract was let by the Commissioners' Court for the purpose of
constructing grading and drainage structures and a flexible
base on the first 12.71 miles of a road extending northwest
from Odessa toward the Winkler County line. The first section
was completed by the contractor on June 14, 1938, and paid for
from the proceeds of this bond issue.

At a public hearing of the State Highway Commission in Austin on June 21, 1938, representatives of the Commissioners' Court of Ector County appeared in behalf of a road from Winkler County to Odessa and Midland, at which time the State Highway Commission adopted Minute No.15111, which reads, in part, as follows:

"In Winkler and Ector County it is the expressed intention of the Highway Commission to add to the State Highway System at some future date a road from Kermit extending northeast to the Winkler-Ector County Line, and thence northeast across Ector County via Goldsmith to an intersection with Highway No. 51 north of Odessa at the present intersection of Highway No. 51 and 158, and it is further intended at some future date to add to the State Highway System a road from Odessa northwest to an intersection with the above described route at a point about 7-1/2 miles northeast of the Ector-Winkler County Line."

Minute No. 15111 of the Highway Commission records is lengthy and will not be quoted here in full, but it must be noted in the reading of said minute that certain conditions are imposed which must be complied with prior to the time such designation shall become effective. This being a condition precedent, it calls for the performance of some act or the happening of some event after the terms of the contract have been agreed upon before the contract shall take effect. You have stated in your communication that Ector County has complied with all of the terms laid down in the minutes of the Highway Commission relative to the obtaining of the right-of-way, the grading and drainage structures and the construction of the flexible base for such road.

According to the information supplied us, that part of the road extending northwestwardly from Odessa to a connection with the State Highway running east from Kermit in Winkler County was not finally and officially designated as a part of the State Highway System until June 20, 1939; however, in the adoption of Minute No.16373 the Highway Commission directly referred to Minute No.15111, hereinabove quoted, by cancelling such minute and adopting Minute No.16373 in lieu

thereof. This highway was designated as Highway No. 302 of the State Highway System.

Paragraph 2 of Section 6a of House Bill 688, supra, reads as follows:

"In the event the State Highway Commission has on a date prior to January 2, 1939, indicated its intention of designating as State Highways the public roads of any county or defined road district in this state, and has evidenced such intention in its official records or files, then the provisions of this Act shall apply as if the roads had actually been designated prior to January 2, 1939."

The language of Minute No.15111, which is a part of the official records of the State Highway Commission and is dated June 21, 1938, clearly reveals that the Highway Commission intended at some future date to designate a road in Ector County running northwesterly from Odessa toward the Winkler County Line as a part of the State Highway System, which we think brings it within the terms of the above quoted paragraph from House Bill 688. It will be noted that such paragraph provides that the Commission shall have indicated its intention of designating as State Highways the public roads of any county or defined road district, and shall have evidenced such intention in its official records or files. Article 6666 of Vernon's Annotated Civil Statutes provides that the Commission shall maintain a record of all proceedings and official orders and keep on file copies of all road plans, specifications and estimates prepared by the department or under its direction. We think that Minute No.15111 complies with the terms prescribed in paragraph 2 of Section 6a of House Bill 688 and evidences the intention of the Highway Commission to designate such road, and that the intention has been properly recorded in the official records of the Commission. An official record is one made by a public officer in pursuance of a duty and which serves as a memorial of official transactions for public reference. It is our opinion that the indication of an intention of designating a road as a part of the State Highway System must have been formally recorded in the official records of the Highway Commission and shall have been adopted by the Commission at a regular or called meeting. It is obvious from the information supplied in your communication that the Highway Commission has in the past acted with sufficient formality with reference to the designation of this particular road in Ector County to bring same within the

Honorable O. E. Gerron, page 4


terms of Section 6a of House Bill 688.

Your question reads as follows:

"Will you please advise if in your opinion this expenditure by Ector County and the bond issue from which it was derived is eligible to participate in the distribution of moneys coming into the County and District Highway Fund as provided for in House Bill 688, passed by the Forty-sixth Legislature, Regular Session, 1939, in compliance with paragraphs 2 and 3 of Section 6a thereof."

We do not think paragraph 3 of Section 6a applicable, and advise that your question should be answered in the affirmative.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By     s/ Clarence E. Crowe
          Clarence E. Crowe
             Assistant

APPROVED Aug.9,1940
Grover Sellers
First Assistant Attorney General

APPROVED Opinion Committee
by BWB, Chairman

CEC:s:bt